UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6

| Case No. | CV16-8281 PSG (KSx) | Date | January 11, 2017 |
|---|---|---|---|
| Title | Elizabeth Asante, et al. v. Ocwen Loan Servicing, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order REMANDING case to State Court

    Before the Court is Defendant Ocwen Loan Servicing, LLC's ("Defendant") response ("Response") to the Court's Order to Show Cause ("OSC") why the action should not be dismissed for lack of federal subject matter jurisdiction. *See* Dkts. #14, 16. Also pending before the Court are Defendant's motion to dismiss, Dkt. #12, and Plaintiff's motion to remand, Dkt. #18. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering Defendant's Response, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court.

I.    Background

    On October 4, 2016, Plaintiff Elizabeth Asante ("Plaintiff") filed a Complaint for breach of contract, damages and injunctive relief against Defendant in Los Angeles Superior Court. *See* Dkt. #1–1, *Notice of Removal*, Ex. 1 ("Complaint" or "Compl."). Defendant, as Plaintiff's mortgage servicer, allegedly breached the terms of the Promissory Note and Deed of Trust by improperly increasing the interest rate on Plaintiff's mortgage, recording erroneous credit information, and improperly diverting Plaintiff's funds. *Compl.* ¶ 7, 16–18. Plaintiff alleges claims for: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"); (2) breach of contract; (3) fraud; and (4) unjust enrichment. *Id.* ¶ 6. Defendant removed on November 7, 2016, asserting the existence of federal question jurisdiction. *See generally Notice of Removal*.

    In its OSC, issued on November 29, 2016, the Court noted that the allegations in the Complaint were insufficient to support subject matter jurisdiction on the basis of federal question. *See* Dkt. #14. On December 19, 2016, Defendant filed a Response to the Court's OSC. *See* Dkt. #16.

II.    Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS - 6

| Case No. | CV16-8281 PSG (KSx) | Date | January 11, 2017 |
|---|---|---|---|
| Title | Elizabeth Asante, et al. v. Ocwen Loan Servicing, LLC | | |

    Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For federal question jurisdiction under 28 U.S.C. § 1331, the well-pleaded complaint rule requires a federal question to be evident from the face of the complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

    Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

    In order to base jurisdiction on a federal question, the plaintiff's complaint must establish "'either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). The mere allegation of a federal issue does not automatically confer jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

III.    <u>Discussion</u>

    In this case, Defendant has failed to establish either that federal law creates the cause of action or that Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Williston*, 524 F.2d at 1100.

> The opening paragraph under "General Allegations" in the Complaint provides: "Plaintiff's Action Complaint alleges violations of: 1) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); 2) Plaintiff also includes state law claims for unjust enrichment, fraud and breach of contract."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV16-8281 PSG (KSx) | Date | January 11, 2017 |
| Title | Elizabeth Asante, et al. v. Ocwen Loan Servicing, LLC | | |

*Compl.* ¶ 6. The same statement is reasserted at the end of the Complaint, under "Claim for Relief." *Id.* ¶ 51. The Complaint consists of the following headings: "Breach of Contract Claim," "Factual Specificity Required for Fraud Based Claims," "Economic-Loss Doctrine," "UCL Claims," and "Unjust Enrichment."[1] *See generally Compl.* A federal question is therefore not evident from the face of the complaint. *See Rivet*, 522 U.S. at 475. Moreover, it is well established that these are state law claims that do not give rise to federal question jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 16 ("[U]nder the well-pleaded complaint rule, an action . . . to enforce [a] contract would not present a federal question.").

    In its *Notice of Removal*, Defendant argued that jurisdiction is proper because Plaintiff's Complaint refers to provisions of federal law. *See Notice of Removal* ¶ 7. Specifically, paragraph 16 of the Complaint describes the purpose of the Fair Credit Reporting Act ("FCRA") in support of Plaintiff's claim for breach of contract, *see Compl.* ¶ 16, and paragraph 33, which describes Plaintiff's fraud-based claims, asserts that "the Second and Third Causes of Action" allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") without making any specific allegations to that end, *id.* ¶ 33. In issuing the OSC, the Court was not persuaded that Plaintiff's Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial," *see Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), but determined instead that the Complaint referenced federal statutes as a non-exclusive means of supporting the alleged state law causes of action. *See OSC* 2; *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (granting motion for remand where plaintiff's complaint referred to federal statutes and regulations in support of the state law causes of action). *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994) (finding incidental references to federal law insufficient for establishing federal question jurisdiction); *Guerra v. Carrington Mortg. Servs. LLC*, No. CV 1004299 GAF (Ex), 2010 WL 2630278, at *2 (C.D. Cal. June 29, 2010) (plaintiff's UCL claim was not converted to a federal claim merely because it cited violations of RICO, the FDCPA, and 42 U.S.C. §§ 1981 to support its state claim).

    Now in its *Response*, Defendant contends that jurisdiction is proper because the Complaint, when read a whole, demonstrates that Plaintiff is asserting a claim for violation of § 1681s-2 of the FCRA.[2] *Response* 3. While some of the facts asserted in the Complaint may

---

[1] Plaintiff is a *pro se* litigant, entitling her Complaint "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

[2] Notably, Defendant's Response makes no argument concerning the Complaint's references to RICO as conferring federal jurisdiction. *See generally Response.* Such an argument would be unavailing in any case, given that the factual allegations in the Complaint do not establish the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV16-8281 PSG (KSx) | Date | January 11, 2017 |
| Title | Elizabeth Asante, et al. v. Ocwen Loan Servicing, LLC | | |

support a FRCA violation, the Court is not inclined to construct a federal cause of action that, based on face of the Complaint, Plaintiff had no intention of asserting. Moreover, when a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345–46 (9th Cir.1996); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."). "Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the action into a federal claim." *Leal v. U.S. Bank Nat'l Ass'n*, No. CV10-3925 PA (JCx), 2010 WL 2389959, at *2 (C.D. Cal. June 9, 2010); *see also Papke v. Network Capital Funding Corp.*, No. SACV 13-00525, 2013 WL 1942120 at *2 (C.D. Cal. May 9, 2013) (no federal question jurisdiction where Plaintiff based UCL claim in part on violation of the Fair Labor Standards Act).

In sum, given the strong presumption against removal jurisdiction, the Court must resolve all doubts regarding the propriety of removal in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In this case, resolving all doubts regarding jurisdiction in favor of remand, Defendants have not met the heavy burden of establishing that removal is proper.

IV.     Conclusion

For the foregoing reasons, the Court concludes that it does not have subject matter jurisdiction over the action and REMANDS the action to the Superior Court of Los Angeles County.

**IT IS SO ORDERED**.

---

requisite elements necessary to state a RICO claim. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) ("The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's "business or property.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV16-8281 PSG (KSx) | Date | January 11, 2017 |
| Title | Elizabeth Asante, et al. v. Ocwen Loan Servicing, LLC | | |

AB for WH